# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

   -vs-                                      Case No. 00-CR-15

JERRY LEE PEETE,

          Defendant.

## DECISION AND ORDER

On July 2, 2004, defendant Jerry Lee Peete ("Peete") filed a motion purportedly under the All Writs Act, 18 U.S.C. § 1651 and/or Fed. R. Civ. P. 60(b). On August 13, 2004, the Court construed this motion as a second or successive petition under 28 U.S.C. § 2255 and dismissed the motion/petition as untimely and for failure to receive prior authorization from the Seventh Circuit. On September 9, 2004, Peete filed a motion for reconsideration, which the Court denied on January 21, 2005. (Docket # 57). The Court recognized that there was at least an arguable issue as to whether the former motion (filed on July 2, 2004) should have been characterized as a second or successive petition.[1] Accordingly, the Court granted a certificate of appealability as to that issue. *See* Docket # 62 (March 8, 2005 Order granting COA). Nonetheless, the court of appeals vacated the certificate and dismissed the appeal. (Docket # 65).

Peete is back again, having filed *another* Rule 60(b) motion to reconsider the Court's August 13, 2004 ruling. Peete argues that his original (July 2, 2004) motion was timely and

---

[1] The Court previously granted a separate § 2255 motion on ineffective assistance of counsel grounds, reinstating Peete's direct appeal which had been forfeited.

should not have been characterized as second or successive. Peete also attacks his underlying sentence, arguing that a sentence enhancement he received was in error. While there may have been an arguable issue as to whether the July 2, 2004 motion should have been characterized as second or successive, the present motion is undoubtedly a second or successive petition, at least with respect to the July 2004 motion. "Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b)." *Harris v. Cotton*, 296 F.3d 578, 579-80 (7th Cir. 2002). The present motion, just like Peete's July 2004 motion, implicates the validity of his underlying conviction. *See, e.g., Rodwell v. Pepe*, 324 F.3d 66, 70 (1st Cir. 2003) ("When the motion's factual predicate deals primarily with the constitutionality of the underlying state conviction or sentence, then the motion should be treated as a second or successive habeas petition"); *see* Docket # 71 [Motion to Amend Rule 60(b) motion, pp. 4-11]. Therefore, because Peete failed to obtain prior authorization from the Seventh Circuit, the Court lacks jurisdiction to consider the motion.[2]

To the extent that the Court might have jurisdiction to entertain this motion, it should be denied on its merits. The procedural arguments presented by Peete (second or successive petition, untimeliness) have been previously adjudicated by the Court, and they will not be revisited. *See, e.g.,* Docket # 55 [8/13/04 Decision and Order]; Docket # 57 [1/21/05 Decision and Order]. Furthermore, to the extent Peete argues that his conviction/sentence is invalid, he appears to be relying in large part upon newly discovered evidence. *See* Docket # 71, pp. 3-11,

---

[2] The Court's characterization of the present motion as a § 2255 motion does not run afoul of the rule in *Castro v. United States*, 540 U.S. 375 (2003) (before a district court re-characterizes a pro se litigant's motion as his first § 2255 motion, the district court must notify the litigant, warn him of the limitations on subsequent § 2255 motions, and provide him the opportunity to withdraw or amend his motion). Because this is not his first § 2255 motion, Peete is aware of the consequences.

attached exhibits. Because this motion was brought on September 21, 2005, more than one year after the August 13, 2004 Decision and Order Peete seeks relief from, the Court declines to consider it. *See* Fed. R. Civ. P. 60(b)(3) ("The motion shall be made . . . not more than one year after the judgment, order, or proceeding was entered or taken").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Peete's Motion to Amend his Rule 60(b) motion [Docket # 71] is **GRANTED**;

2. Peete's motion for reconsideration of the Court's August 13, 2004 Decision and Order [Docket # 66] is **DISMISSED**; and

3. Peete's motions for judgment [Docket # 69, 70] are **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2006.

        SO ORDERED,

        s/ Rudolph T. Randa
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**