# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>v.<br><br>JERRY LEE PEETE,<br><br>          Defendant. | Case No. 00-CR-15-JPS<br><br>**ORDER** |

    On April 10, 2017, Defendant filed a motion requesting early termination of his term of supervised release. (Docket #112). That term is scheduled to expire on August 8, 2018. The Probation Office submitted a memorandum in response to Defendant's motion, recommending that the motion be denied. (Docket #114). The government concurred in the recommendation. *Id.* at 4. On June 12, 2017, the Court issued an order denying Defendant's motion. (Docket #115).

    On June 16, 2017, Defendant filed a motion requesting reconsideration of that decision. (Docket #116). First, Defendant accuses his probation officer of lying about his risk of re-offending. (Docket #117 at 1–2). He also claims that his term of supervision should be terminated because he completed the tasks set to him by the late Judge Rudolph Randa, to whom this matter was previously assigned. *Id.*

    Defendant's motion is without merit. First, the Court will not question the veracity of the assigned probation officer on Defendant's unsworn assertions. Nor will the Court gainsay the reasoned judgment of the probation officer, informed by her training and experience, simply because Defendant disagrees with her assessment. Although the Court

appreciates Defendant's view of his progress while on supervision, he has not proffered actual evidence contradicting the Probation Office's determination that his risk of re-offending recently increased to a moderate level. Additionally, Defendant says nothing about the Probation Office's view that he will benefit from the services that continued supervision will offer. As such, considering Defendant's arguments against the backdrop of the sentencing factors enumerated in 18 U.S.C. § 3553(a), the Court remains convinced that early termination of Defendant's supervised release is not warranted at this time. *See* 18 U.S.C. §§ 3583(e)(1), 3553(a); *United States v. Mathis-Gardner*, 110 F. Supp. 3d 91, 93–94 (D.D.C. 2015) (noting that even full compliance with conditions of supervised release is not, standing alone, sufficient to warrant early termination of supervised release).

Accordingly,

**IT IS ORDERED** that Defendant's motion for reconsideration of the Court's order denying his motion for early termination of his term of supervised release (Docket #116) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge